UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND<br>8403 Arlington Boulevard<br>Fairfax, Virginia 22031<br><br> Plaintiff,<br><br>v.<br><br>ACME INVESTORS<br>1313 Vernon Street<br>North Kansas City, MO 64116<br><br>Agent for Service<br>Darrel Schultze<br>2549 East 333rd Street<br>Melvern, KS 66510<br><br>JONES SERVICE, LLC<br>2549 East 333rd Street<br>Melvern, KS 66510<br><br> Defendants. | CIVIL ACTION NO. 1:20-cv-380<br><br>**Additional Required Service under 29 U.S.C. § 1132(h) to:**<br><br>U.S. Department of Labor<br>Attn: Assistant Solicitor<br> for Plan Benefits Security<br>200 Constitution Ave., N.W.<br>Washington, DC 20002<br><br>U.S. Department of Treasury<br>Attn: Secretary of the Treasury<br>1500 Pennsylvania Avenue, NW<br>Washington, D.C. 20220 |

## COMPLAINT

Plaintiff, the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF" or "Fund") hereby complains as follows:

### Introduction

1. This is a civil action brought by an employee benefit plan, and by the Trustees of the Fund, pursuant to Sections 502(a)(3), (d)(1), (g)(2), 515, 4219, 4221 and 4301 of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), 1145, 1399, 1401, and 1451. The Fund seeks a monetary judgment against Defendants awarding withdrawal liability, accrued interest, liquidated damages, and

attorneys' fees and costs, through the date of judgment, as well as those amounts that become due and owing through the date of judgment, pursuant to Sections 502, 515, 4219, 4221, and 4301 of ERISA, 29 U.S.C. §§ 1132, 1145, 1399, 1401, and 1451, the collective bargaining agreement, and the Trust Document governing the Fund.

### Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by Sections 502(e), (f), 4221(b) and 4301(a), (c) of ERISA, 29 U.S.C. §§ 1132(e), (f), 1401(b), 1451(a) and (c). Jurisdiction also lies under 28 U.S.C. § 1331.

3. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 4301(d) of ERISA, 29 U.S.C. § 1451(d) as the Plaintiff Fund is administered in this district with its principal place of business in Fairfax, Virginia.

4. Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this Complaint will be served upon the Secretary of United States Department of Labor and the Secretary of the United States Department of the Treasury by certified mail on or about the date of filing.

### Parties

5. Plaintiff Board of Trustees, Sheet Metal Workers' National Pension Fund is the collective name of the trustees of the Sheet Metal Workers' National Pension Fund. The NPF is an employee pension benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The NPF is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C.

§ 186(c)(5). The Trustees of the NPF are duly authorized Trustees whose duty it is to administer the NPF for the benefit of the participants and beneficiaries of the NPF. The Trustees are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its Trustees and plan are individually or jointly referred to as "NPF" in this Complaint. The NPF is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

6. The Trustees of the Plaintiff Fund bring this action in their collective names or, as necessary or appropriate, in the name of the plan, and its participants, and beneficiaries pursuant to Federal Rule of Civil Procedure 17.

7. At all times relevant to this action, Defendant Acme Investors has been an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). Upon information and belief, at all times relevant to this action, Acme Investors has been incorporated in the state of Missouri with a principal place of business at 1313 Vernon Street, N. Kansas City, MO 64116.

8. At all times relevant to this action, Defendant Jones Service, LLC ("Jones") has been an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). Upon information and belief, at all times relevant to this action, Jones has been incorporated in the state of Kansas with a principal place of business at 2459 East 333rd Street, Melvern, KS 66501.

## Factual Background

9. Acme Sign Hangers, Inc. ("Acme Sign") employed employees represented for the purposes of collective bargaining by the International Association of Sheet Metal, Air, Rail and Transportation Union (formerly known as the Sheet Metal Workers' International Association), Local Union No. 2 ("Local 2" or the "Union"), a labor organization representing employees in an industry affecting interstate commerce.

10. Acme Sign was signatory to, and bound by, a collective bargaining agreement ("Agreement" or "CBA") with the Union for the period of since at least 1971. Acme's most recent CBA with the Union expired on August 31, 2019. Pursuant to the Agreement, Acme Sign was obligated to submit monthly remittance reports and fringe benefit contributions to NPF for all hours worked or paid on behalf of Acme Sign's covered employees within the jurisdiction of Local 2. Acme laid off all its employees within the Union's bargaining unit on or about May 16, 2019.

11. Pursuant to the CBA, Acme Sign is obligated to abide by the terms and conditions of the Trust Agreement establishing the Fund, including any amendments thereto and policies and procedures adopted by the Board of Trustees ("Trust Document").

## Acme Sign's Withdrawal Liability

12. The NPF determined that Acme Sign had affected a complete withdrawal from the NPF on or about May 16, 2019 within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

13. The NPF sent a notice of withdrawal to Acme Sign on May 28, 2019, advising that it owed withdrawal liability to the NPF. This notice was also sent to Acme Investors informing them of potential liability. The notice informed Acme Sign that provisional

withdrawal liability was assessed in the amount of $3,134,961.75 and that it was amortized, as required by Section 4219(c) of ERISA, 29 U.S.C. § 1399(c), in a payment schedule to eighty quarterly payments in the amount of $70,667.28 each, with the first payment being due July 1, 2019 and final payment due April 1, 2039. This notice also informed Acme Sign that because the withdrawal occurred after December 31, 2018, the withdrawal liability calculation would be updated once worksheets for 2019 withdrawals became available.

14.	Following the completion of the Fund's Withdrawal Liability Report for the 2019 Plan Year, the NPF sent a notice to Acme Sign and Acme Investors on October 31, 2019 providing the final calculation of withdrawal liability. This notice informed Acme Sign that withdrawal liability was assessed in the amount of $2,980,621.19 and that it was amortized, as required by Section 4219(c) of ERISA, 29 U.S.C. § 1399(c), in a payment schedule to 73 quarterly payments in the amount of $70,667.28 each, with the first payment having been due July 1, 2019, and final remaining 74th payment of $44,249.26 due October 1, 2037.

15.	In accordance with Section 4219(b)(2)(A) of ERISA, 29 U.S.C. §1399(b)(2)(A), Acme Sign had ninety (90) days from receipt of the initial notice and demand to request a review of the amount of the liability and/or the schedule for the payments. Acme Sign did not request review of the withdrawal liability assessment after either the initial notice sent May 28, 2019 or the final notice sent October 31, 2019.

16.	Acme Sign was required to begin making its withdrawal liability payments as of July 1, 2019. Acme Sign failed to make any of its scheduled payments.

17.	By letter dated October 24, 2019, the NPF notified Acme Sign and Acme Investors that Acme Sign failed to make the first payment under the amortized payment schedule and provided the opportunity for Defendant to cure the delinquency. The NPF also notified

Acme Sign and Acme Investors in this letter that the failure to correct this delinquency within sixty days of receipt of the letter would constitute a default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

18. On October 28, 2019, the NPF's outside counsel also sent a letter regarding the delinquency to Jones Service informing them of potential liability as a member of a controlled group with Acme Sign.

19. Pursuant to 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), a party is in default if it has not cured its failure to pay its withdrawal liability installment payments within sixty (60) days following a demand. In the event of default, the plan "may require immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made." 29 U.S.C. § 1399(c)(5).

20. Acme Sign failed to respond to the NPF's October 24, 2019 letter and did not cure its failure to pay the first payment in accordance with the payment plan. To this date, Acme Sign has failed to make any withdrawal liability quarterly payments.

21. Accordingly, Acme Sign is in default and is liable for the remaining unpaid principal of its withdrawal liability, plus accrued interest on the unpaid amounts owed from the due date of the first owed payment not timely made.

22. Acme Sign is also liable for interest, liquidated damages, and reasonable attorneys' fees and costs in accordance with the Trust Document and applicable federal law, 29 U.S.C. § 1451(b), (e).

23. The Trust Document provides that interest shall be charged on any amount in default (including accrued interest), from the date the payment was due to the date it is paid. The

interest shall be computed and charged at a rate of 0.0205% compounded daily.

24. The Trust Document further provides that in the event of default, an employer is liable to the Fund for attorneys' fees incurred by the Fund from the date of the delinquency forward and costs, and the greater of (1) interest on the delinquent withdrawal liability or (2) liquidated damages in the amount of 20% of the delinquent withdrawal liability.

**Acme Investors and Jones Sign as Members of Acme Sign's Controlled Group**

25. ERISA mandates that "all employees of trades or businesses (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades and businesses as a single employer." ERISA Section 4001(b)(1), 29 U.S.C. § 1301(b)(1). A group of trades or businesses under common control is generally referred to as a "controlled group."

26. Regulations promulgated under ERISA Section 4001(b)(1), 29 U.S.C. § 1301(b)(1), have adopted by reference the Internal Revenue Service's regulations defining "trades or businesses under common control" found at 26 C.F.R. § 1.414(c)-1 et seq. 29 C.F.R. § 4001.3(a)(1).

27. Because members of a controlled group are treated as a single employer, the "controlled group" is the "employer" for purposes of determining and assessing withdrawal liability, and all members of the controlled group are jointly and severally liable with one another.

28. Section 1563(a) of the Internal Revenue Code provides certain tests to determine whether a controlled group situation exists. A brother-sister control group is a group of two or more corporations, in which five or fewer common owners own directly or indirectly a "controlling interest" of each group and have "effective control." According to 26 C.F.R. §

1.414(c)-2(b)(2), "controlling interest" is defined as 80 percent or more of the stock of each corporation. According to 26 C.F.R. § 1.414(c)-2(c)(2), effective control means 50 percent of the stock of each corporation but only to the extent such stock ownership is identical with respect to such corporation.

29. Here, as to the ownership stakes in Acme Sign, Darrel Schulze owns an 80% stake, Robert Baker a 17% stake, and Mike Lee a 3% stake. Mr. Schulze also owns 100% of Jones Service. Therefore, a single owner has controlling interest of both Acme Sign and Jones Service. Mr. Schulze also has at least an 80% identical interest in both Acme Sign and Jones Service giving him effective control. Therefore, Acme Sign and Jones Service are members of a controlled group.

30. As to the ownership stakes in Acme Investors, Mr. Schulze has a 67% stake, Robert Baker a 17% stake, Michael Lee a 4% stake, and Acme Sign a 12% stake. Therefore, three owners—Mr. Schulze, Mr. Baker, and Mr. Lee—have a greater than 50% controlling interest of both Acme Sign and Acme Investors. Further, they own an identical 87% of both Acme Sign and Acme Investors giving them effective control. Therefore, Acme Sign and Acme Investors are members of a controlled group.

31. As members of respective controlled groups, Jones Service and Acme Investors are trades or businesses under common control with Acme Sign and are jointly and severally liable for withdrawal liability assessed against Acme Sign.

32. Defendants are also liable for the accrued interest on the unpaid amounts owed. The Trust Document provides that interest shall be charged on any amount in default (including accrued interest), from the date the payment was due to the date it is paid. The interest shall be computed and charged at a rate of 0.0205% compounded daily.

33. Defendants are also liable for liquidated damages and reasonable attorneys' fees and costs in accordance with the Trust Documents and applicable federal law, 29 U.S.C. § 1451(b), (e). The Trust Documents provide that in the event of a delinquency, an employer is liable to the Fund for attorneys' fees incurred by the Fund from the date of the delinquency forward and costs, and the greater of (1) interest on the delinquent withdrawal liability or (2) liquidated damages in the amount of 20% of the delinquent withdrawal liability.

34. As members of controlled groups with Acme Signs, Acme Investors and Jones Service are also jointly and severally liable for all amounts owed to the NPF including the principal amount of the withdrawal liability, interest, liquidated damages, and attorneys' fees and costs.

## **Count I as to Jones Service**

35. Plaintiff realleges and incorporates Paragraphs 1 through 34.

36. This claim arises under ERISA Sections 502(a)(3), (d)(1) and (g)(2), 515, 4219, 4221, and 4301, 29 U.S.C. §§ 1132(a)(3), (d)(1) and (g)(2), 1145, 1399, 1401, and 1451, and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

37. Pursuant to ERISA Section 4001(b)(1), 29 U.S.C. § 1301(b)(1), Acme Sign and Defendant Jones Service are members of a controlled group and are jointly and severally liable for one another's debts.

38. Acme Sign has failed to pay amounts owed for withdrawal liability pursuant to the applicable payment schedule for a period greater than sixty (60) days after notification of failure by the NPF. As a result, Acme Sign is in default under Section 4219 of ERISA, 29 U.S.C. § 1399(c)(5) and liable for the full principal of the withdrawal liability, interest, liquidated damages, and attorneys' fees and costs.

39. As a result of Acme Sign's default, Jones Service, as a member of the controlled group, is liable for the full principal of the withdrawal liability assessment in the amount of $2,980,621.19 pursuant to the Trust Documents and Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

40. As a member of the controlled group, Jones Service is liable for interest on all late payment amounts according to the Trust Documents and Section 4219(c)(5) of ERISA in the amount of at least $68,753.07 (calculated through April 7, 2020). Interest continues to accrue on these unpaid amounts until the date of payment.

41. As a member of the controlled group, Jones Service is liable for liquidated damages in the amount of 20% of the delinquent withdrawal liability according to the terms of the Trust Document and federal law in the amount of at least $596,124.24.

42. As a member of the controlled group, Jones Service is liable for the reasonable costs and attorneys' fees incurred in connection with this action according to the terms of the Trust Documents and federal law.

### Count II as to Acme Investors

43. Plaintiff realleges and incorporates Paragraphs 1 through 42.

44. This claim arises under ERISA Sections 502(a)(3), (d)(1) and (g)(2), 515, 4219, 4221, and 4301, 29 U.S.C. §§ 1132(a)(3), (d)(1) and (g)(2), 1145, 1399, 1401, and 1451, and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

45. Pursuant to ERISA Section 4001(b)(1), 29 U.S.C. § 1301(b)(1), Acme Sign and Acme Investors are members of a controlled group and are jointly and severally liable for one another's debts.

46. Acme Sign has failed to pay amounts owed for withdrawal liability pursuant to

the applicable payment schedule for a period greater than sixty (60) days after notification of failure by the NPF. As a result, Acme Sign is in default under Section 4219 of ERISA, 29 U.S.C. § 1399(c)(5) and liable for the full principal of the withdrawal liability, interest, liquidated damages, and attorneys' fees and costs.

47. As a result of Acme Sign's default, Acme Investors, as a member of the controlled group, is liable for the full principal of the withdrawal liability assessment in the amount of $2,980,621.19 pursuant to the Trust Documents and Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

48. As a member of the controlled group, Acme Investors is liable for interest on all late payment amounts according to the Trust Documents and Section 4219(c)(5) of ERISA in the amount of at least $68,753.07 (calculated through April 7, 2020). Interest continues to accrue on these unpaid amounts until the date of payment.

49. As a member of the controlled group, Acme Investors is liable for liquidated damages in the amount of 20% of the delinquent withdrawal liability according to the terms of the Trust Document and federal law in the amount of at least $596,124.24.

50. As a member of the controlled group, Acme Investors is liable for the reasonable costs and attorneys' fees incurred in connection with this action according to the terms of the Trust Documents and federal law.

**WHEREFORE**, Plaintiff requests a judgment against Defendants for all amounts due to the NPF as follows:

1. Declare that Acme Sign and Jones Service are members of a controlled group and are joint and severally liable for each other's debts;

    2.    Declare that Acme Sign and Acme Investors are members of a controlled group and are joint and severally liable for each other's debts;

    3.    Enter judgment against Defendants for the total of Acme Sign's withdrawal liability, in the amount of $2,980,621.19;

    4.    Enter judgment against Defendants for interest on the delinquent withdrawal liability at a rate of 0.0205% per day, compounded daily, from the date the first payment was due until the date paid or the date of the judgment, in the amount of at least $68,753.07 (calculated through April 7, 2020);

    5.    Enter judgment against Defendants for liquidated damages in an amount equal to the greater of interest on the delinquent withdrawal liability calculated at the above rate, or 20% of the delinquent withdrawal liability, in the amount of at least $596,124.24;

    6.    Enter judgment against Defendants for all attorneys' fees and costs incurred by the Funds in pursuing the delinquent withdrawal liability since the date of Acme Sign's delinquency; and

    7.    Award such other relief as the Court deems just and proper.

Respectfully Submitted,

    /s/ Diana M. Bardes
Diana M. Bardes (Bar No. 81831)
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, D.C. 20036
(202) 783-0010
(202) 783-6088 facsimile
dbardes@mooneygreen.com

Dated: April 7, 2020    Counsel for Plaintiff Pension Fund

## CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)

I hereby certify that on this 7th day of April, 2020, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR WITHDRAWAL LIABILITY, INTEREST, LIQUIDATED DAMAGES, ATTORNEYS FEES, AND COSTS was served via certified mail on:

    U.S. Department of Labor
    Attn: Assistant Solicitor for Plan Benefits Security
    200 Constitution Ave., N.W.
    Washington, DC 20002

    U.S. Department of Treasury
    Attn: Secretary of the Treasury
    1500 Pennsylvania Avenue, NW
    Washington, D.C. 20220

                                                    _____/s/ Diana M. Bardes_____
                                                            Diana M. Bardes